Mr. Stone presents two issues in this case. The first issue, if adopted, moots out the interpretation of 38 U.S.C. 1154b, commonly referred to as the combat presumption. The appellant asserts that the board made its determination that Mr. Stone was not a combat veteran without considering his lay testimony as required specifically by the plain and unambiguous language of section 1154b. Section 1154b requires that the VA accept the lay testimony of a veteran as sufficient unless it is inconsistent with. There is nothing in this record to suggest that his lay testimony is inconsistent with. Wait, I'm sorry to interrupt. Your statement that this statutory provision requires that they accept just the lay testimony of a veteran, that there was combat as dispositive of that question? Not as dispositive of the question, but as a prima facie showing, and then the burden shifts to the government. Where does it say that? What is it in 1154b? Where is the language? It says that the secretary shall accept as sufficient proof of service connection any disease or injury alleged to have been incurred in or aggravated by such service satisfactory? That's service connection. The preface to that is in the case of any veteran who engaged in combat with the enemy. So am I reading it wrong that before you get to that, it's been established that the veteran engaged in combat? No, because there is no procedure in VA regulations or in the statute for that determination. The determination is within the confines of the statute, and it is that lay testimony that demonstrates the nature of that combat experience. In this case, Mr. Stone presented satisfactory evidence to a VA psychiatrist that he was shot at by the enemy, and that as a result of those experiences, he developed a psychiatric neurosis, which was diagnosed as post-traumatic stress disorder. That is satisfactory lay evidence to establish that he was engaged in combat with the veteran. What the board did, and what the VA persists in doing, is to suggest that you can simply say you're not a combat veteran without any regard to the lay testimony. That flies directly not only in the face of this portion of the regulation, but in the preceding portion of the regulation at 1154A and the requirement under 5107B to consider lay evidence. But where is it in the record in the board's decision? I understood the board's decision, so correct me if I'm wrong, to not be that they rejected Mr. Stone's lay evidence, but rather that they held that they looked at the entire record and it said in that context, just his lay evidence, which is only his testimony, which I think that all there was, was not sufficient because of the absence of other indicia. They didn't say, did they, because it's lay evidence, we're just not even going to look at it? No, what they did was they made a finding of fact, the record does not support a finding that the veteran engaged in combat with the enemy during active service in Vietnam, and the record does support that finding because the in conjunction with the other indicia of where he was, the nature and circumstances of his service, which are reflected at page 22 of the joint appendix, in which it describes his service records of being 11 months of service in Vietnam, describes the unit that he was attached to, his military occupation or specialty, and describes his service personnel records reflecting participation in an unnamed campaign. But Mr. Carpenter, aren't we in territory where we shouldn't be, which is in your analysis, you're saying the board looked at the evidence, and I have difficulty with their analysis of the evidence or their weighing of the evidence, and you know better than anybody around here that that's not where we're going. And if that were the territory, that would be correct. The territory here is how, what is the procedure mandated by 1154B for the veteran to make, or excuse me, for the board to make a finding of fact that he was not engaged in combat? Can you simply reject the uncontested testimony of the veteran that he was fired upon by the enemy while he was in service? Well that seems not to be the issue of whether you can reject that. The question is whether or not you were required to conclude that that in and of itself is a sufficient basis upon which to conclude there was combat related service. And that goes to the fact that there is no other evidence, and what the board relies upon then is the absence of evidence to support the conclusion that he wasn't in combat. This puts a combat veteran in precisely the untenable position that Congress had attempted in enacting 1154B to alleviate. They didn't want the veteran to have to rely upon official records to prove his combat status any more than to prove his disease or injury was incurred. When Mr. Stone was in his active military service, he was subjected to circumstances that involved engagement in combat with the enemy as he himself described. The board simply says there's no evidence in the record. That's contradicted by his lay evidence. You can't say there's no evidence in the record when clearly there was evidence in the record. What they're doing is they're applying the corroboration standard of the regulation in 3.304F to the statute and requiring that he beforehand corroborate that he was a combat veteran. There is no corroboration requirement articulated in the statute. The corroboration requirement is a function of the regulation that applies exclusively to the diagnosis of post-traumatic stress disorder. 1154B, as this court discussed with Jensen, is to lessen the evidentiary requirement on the veteran. That has to include, in terms of evidentiary burden, the burden of demonstrating that he was in combat. How else does a combat veteran do it because, as the government has suggested in their brief, the statute must presuppose that he is a combat veteran. How do you get to that presupposition? Unless you are wounded in combat, you cannot demonstrate that you were in combat. When you have the type of experience that Mr. Stone had in combat, he is effectively precluded from compensation because the VA says, you can't prove to us you were in combat. But his lay evidence in the totality of the reading of 1154B, when in concert with 1154A, in reference to the consistency of the circumstances of his service, he was in Vietnam for 11 months, he described what he was doing, the burden should shift to the government to demonstrate that he was not in combat, that there is reason to reject that testimony. And it seems to me that any other interpretation of 1154B puts the veteran, particularly a veteran like Mr. Stone, Mr. Stone, post-service, goes to a VA psychiatrist. He tells the VA psychiatrist what happened in service. The VA psychiatrist says, based upon what you have described to me, you have given me satisfactory lay evidence to establish that you have a post-service disability related to service. In any other circumstance, that would be the end of the story. But the VA has created in 3.304F a higher requirement because we can't be sure what did or didn't happen. The exception to that, as acknowledged in the regulation, is 1154B, if you were in combat. And so they create the Hobson's choice for the veteran that the veteran must prove that he was in combat, that he must corroborate. And I'd like to direct the court's attention just briefly. Where do you get out of 1154B that this, on the combat question alone, I don't know whether it's a service-related injury, but on the combat question, where do you get out of 1154B that lay evidence is sufficient? Because it's part of the continuing sentence, Your Honor. No, no, that's a different. No, it's all one sentence, Your Honor. It is a continuing sentence that after the description of in any case of a veteran who engaged in combat with the enemy, and then it goes on for a time, and then comma, the secretary shall accept as sufficient proof. Of combat of service connection. Of service connection, injury. Of service connection. Not of combat. No, but of service-connected injury for a combat veteran. You're trying to separate the two as though it were service connection for something other than a combat veteran. This is service connection for a combat veteran. This is a special statute for those veterans. Yes, but you have to get to the combat status first before you apply these more lenient rules. And then the question becomes how does a combat veteran prove, how does he corroborate that he was in service? And what you do is you then take away the benefit of combat assertion, and you say we have the right to force you to corroborate that information, corroborate your assertion, and the court's decision. 1154B doesn't say anything about how you show combat status at all. It does not, Your Honor, and therefore it should not be read into it that you can force the veteran, as the VA did in this case and as the Veterans Court allowed them to do, is to force them to corroborate that assertion. That lay assertion should be sufficient to trigger the presumption. Shouldn't it be proved by records or service records or other materials other than just these? That's entirely inconsistent with the 1154B statute. 1154B says that you cannot rely on the absence of records to show the injury or the... not for the combat status. But I'm sorry, Your Honor, that has to be inseparable. The statute has to be read as a whole in order to make the lightening of the evidentiary benefit reasonable, because this veteran has no other way of demonstrating it. No one was out there recording that while he was on convoy, people were shooting at him. Now, you ask this person to produce corroboration that someone shot at him. There's no way for him to do that. What he has done is what he was required to do, get a competent medical opinion that determined he had a post-service disability related to service. And now you're saying to him you can't get compensation because you can't prove you were a combat veteran because there's nothing in the record that shows you were a combat veteran. His lay testimony consistent with both the language of subsection A and B along with 5107B has to be considered as part of that equation and to consider otherwise effectively deprived veterans such as Mr. Stone of the ability to get compensation to which they're duly entitled to. If this were a circumstance for any other condition other than post-traumatic stress disorder, we wouldn't be having this debate because that would be sufficient to establish it. If he said he got this injury because of something that happened to him physically, then we wouldn't be having this discussion. It's the nature of the psychiatric condition that creates an unreasonable enhancing of the burden which we believe is a misinterpretation of the statute. I see I'm way into my rebuttal and I'd like to reserve what I have left. Okay. Thank you, Mr. Carpenter. Mr. Schroeder. Yes, ma'am. Who's the court? Counsel would ask this court to rewrite the statutes and regulations. Okay. Well, let me just start off with you what seems to be the question of the hour which is other than a bullet wound or some injury in combat or getting some medal which you talk about, how does a veteran establish that he or she was in combat? Well, a veteran can establish that he or she was in combat. That is a question of fact to be determined on the basis of all of the evidence. It has nothing to do with 1154. For example, perhaps he was in a platoon with other soldiers who could then say, yes, he was there with us when we were in combat. That's lay evidence and that could establish. Maybe I'm ahead of myself. Is there a definition somewhere of combat? I think there are definitions of combat. It's not in the record, but there have been opinions of the VA on under what circumstances do we find somebody is in combat. Was it disputed? He says he was on guard duty and snipers shot at him. Is it disputed as to whether that is within the definition of combat? Well, what they found, the court or the board found, I guess what the board found was that his assertions alone weighed against all the other evidence they had before them. There was no other evidence. It was the lack of evidence, was it not? There was no evidence he never served on guard duty, for instance. There was no evidence he served on guard duty. There was no evidence that he didn't serve. This is really, isn't this the issue? Has he, through his own testimony, this is what I did in my 11 months in Vietnam. Not only was I a radio operator or whatever, but I did these other things where I was attacked. What Mr. Carpenter says is that on this uncontradicted evidence, because there was nothing to say no, you were exempt from this exposure to the enemy. He says, therefore, all you have to do is shift the burden of proof. Now it's up to the government to say, no, you didn't do that. No, you had some special job where you were excused from exposure to the enemy. Or whatever you, whatever might, none of this I think was there. So I'm really just creating it. But all you need, all that I think Mr. Carpenter is asking for, is that when you have lay evidence, there is a point at which the burden shifts. And once the burden shifts, that ends it, because there was no contrary evidence. Are we really talking about where, you might call it a prima facie case or whatever else, and whether the veteran's own testimony that I was shot at is enough since he was there. And nobody has said, no, you weren't. Nobody has said, no, you didn't serve on this kind of duty. That that shifts the burden. We're talking about burden shifting. From then on, he might or might not prevail, depending on what the government comes up with to contradict what he said. But there was no contradiction, and yet it's held that he didn't meet any threshold. And that's the question, isn't it? What is the threshold? Well, Section 1154 has nothing to do whatsoever with the issue of determining whether somebody is on combat status, because it says, in the case of any veteran who engaged in combat, the Secretary of General Staff... That wasn't my question. My question is, what is the threshold? The threshold is that he has to show that the evidence, viewed together and weighed against each other... There was no contrary evidence, so he did. There actually was. The Board first considered the question of whether Mr. Stone... I'm looking at page 6 of the Joint Appendix. The Board first considered the question of whether Mr. Stone ever engaged in combat with the enemy. And then it says, the determination of combat status is a question of fact to be decided on the basis of the evidence of the record in each case. And that's an initial matter. It's a question of fact of this court. What evidence? The Board determined that his service personnel records revealed that he was assigned as a radio relay and carrier operator and worked as an equipment attendant. He says he served on guard duty. They never said, no, you were never assigned to stand guard. They also found that he failed to present other... Did they ever say, no, you never served on guard duty? What they found was that he failed to present sufficient detail to show that he served in combat status. I'm looking for some facts. You're telling me these are findings of fact. These are findings. Where were the facts that he never served in anything confronting the enemy? The Board determined that his service personnel records he was assigned as a radio relay and carrier operator. That's an affirmative fact. That's where he was assigned. He was awarded... He only participated in unnamed campaigning, meaning that he couldn't provide any detail about the combat service, that he was awarded the National Defense Medal, the Vietnam Service Medal, so there's an absence of medals showing that he served in combat status, but then he had other types of indications, I guess, that he didn't, and that there were no treatments for wounds, injuries, psychiatric complaints, and the only evidence that suggested that Mr. Stone had engaged in combat were his own statements and medical evidence based on those statements, so in the end... That's why we're here. How... This is a procedural question, isn't it? He makes the statement that he confronted the enemy at least sufficiently to have psychological, psychiatric consequences. Is that a prima facie case, which then warrants some sort of rebuttal, some sort of contrary evidence? That is not his argument. His argument is that Section 1154 requires the acceptance... His argument is that the burden of proof shifts. But there's a... He hasn't cited any authority, and he hasn't cited any statute of regulation for that. He's here. We're the authority. He says the burden of proof, the way to handle open areas of the law is to review, see what's fair. He suggests that the veterans' testimonies, saying I was in combat, since we know that throughout the principles is that the veterans' testimony is not to be disbelieved, that saying all that does is shifts the burden of proof. There's now a burden on the government to come forward with some contrary evidence. You're saying that that's an inappropriate standard? That's not... The standard is...  Where does it say the burden is on the veteran? It says in Section 5107, claimant responsibility except as otherwise provided by law, claimant has the responsibility to present and support a claim for benefits under the laws administered by the secretary. He says I did. Then it gives him the benefit of the doubt if the secretary shall consider all information and lay medical evidence of record in a case before the secretary, which is what happened here. It doesn't shift the burden? Isn't that one way of implementing the benefit of the doubt? It puts the burden on the government. In this case, there was no assumption. It wasn't a case where there was an equal amount of evidence. The secretary found that there was no evidence, no credible evidence that he had engaged in combat service. They didn't say he was incredible, did they? Well, they found that it was unsupported by... This wasn't just a case... Can I just interrupt? I'm sorry, because I have a question just on what you're talking about here. He testified his support was I was on guard duty and we were subject to sniper fire, something like that. Is it the government's position that even if that were true, that's not sufficient to establish combat? Or is the government's position that he couldn't corroborate that he was actually on guard duty and subject to sniper fire, and that's why he doesn't get combat duty? I don't quite understand the first half of that question. Okay, he testified that he was on guard duty on occasion and subject to sniper fire, and in fact somebody was wounded. Under your definition of combat, whatever it may be, if that were true, let's assume they decided to believe him, or let's assume he brought in 20 other people to say, yes, he was on guard duty subject to sniper fire. Is that sufficient to establish that he was in combat? It may be. The question of combat is a factual question on a case-by-case basis, and it may be where if he had come in and said, I was shot at, it depends on the circumstances. However, if he had corroborating evidence, such as other people saying that, and the VA could certainly, if the evidence supported that he was in combat, they could find that he was in combat without any medical evidence, without the official records. I think that his testimony coupled with other people's testimony would be enough. However, his testimony alone here, not only was it unsupported and uncorroborated, the testimony itself contained insufficient detail, and the court and the board found this. The testimony itself contained insufficient detail for them to even confirm that this occurred. So the first, and this is again page 6 of the joint appendix, the court carefully reviewed the board's findings on the question of combat status and found that... But it wouldn't be easy for the secretary to come forward with evidence to say, to show, no, radio operators never stand guard duty, or yes, everybody takes their turn guarding the compound, or whatever the circumstances might be. Isn't this information peculiarly within the possession of the military? Well, I think the... If they disbelieve him, if they say, oh, you made it up, you never got out of the sack. Well, I mean, they could look at credibility, that's one aspect. But they didn't say that they didn't believe him. Well, what they did here is they looked at, and if you look at page 22 of the joint appendix, the board discusses for a few pages here all the factual evidence that they looked at. It reflects 11 months he was in Vietnam, for 11 months from 1970 to 1971. It showed where he was assigned. It showed what his position was. They participated in an unnamed campaign. It gave what his medals were. It talked about all the multiple written statements that the veterans submitted. It discussed that he claimed that he was on guard duty. So the board went in here, looked at all the evidence in the record, and then made a factual determination. And that is not reviewable here in any event. And certainly there are about three or four pages of facts that they discussed here. They discussed the record, and certainly that was sufficient. Now what's reviewable is the procedural question, isn't it? As to at what point the burden shifts to come forward with contradictory evidence that he was not in combat. There's nothing that you've recited that says this veteran was shielded from confrontation with the enemy, for instance, if that's a broad definition of combat. Well, there's some, and it's not part of the record, but there was a memorandum of the Department of Veterans Affairs dated October 18, 1999, that states that the determination as to whether a veteran engaged in combat with the enemy necessarily must be made on a case-by-case basis with reference to general statutory authority. Evidence that he participated in attacking or defending an attack of the enemy would ordinarily show that he engaged in combat. Is this not in the record, the definition of combat? No, I think that's a public document. It's not part of the record. Are you relying on it in your appeal here, or in your defense? That was just to answer a question you had asked earlier. However, I think that in the end, what has failed to be shown here is that there was any error, legal error, in the determination of the fact of whether he was or was not in combat. And counsel relies solely on the definition in 1154B, which talks about showing service connection and establishing aggravation or occurrence of an injury for a veteran who has already been shown to be in combat. And I see my time is up. If there are no more questions, we ask that you put a thumb down. No questions, Mr. Schroeder? Thank you, Mr. Schroeder. Mr. Schroeder? To answer your question, there is no definition of combat. There's no definition of combat in the statute. There's no definition of combat in any VA regulation. But what about, I don't want to take all your time, but in the board's decision, like on page 24, they refer to service records are negative for combat-related duty designation. Yes. And then they say any combat-related activity. How does one know what combat-related duty designation? There must be sort of an official record of combat-related duty designation. Well, there is an M21-1 manual provision that identifies certain awards or medals, such as the Purple Heart, that the VA has agreed to substantiate that you were engaged in combat with the enemy since you got wounded or you were involved in sufficient activity that you got an award. Right, but a duty designation suggests to me that there are certain people that are assigned to certain duties that are considered combat. Yes, and those are infantry persons with specific military occupational specialties that are listed in the manual provision. But I think that this does amount to the procedural deficit here where there is no way for the veteran to know ahead of time how to defend his own lay evidence. And the real critical procedural problem here is that the burden ought to shift when there simply is no evidence in the record to the contrary, and the only thing that the board can point to or the VA can point to is the absence of evidence. His evidence is unrebutted and should not be able to be rebutted by the fact that there isn't affirmative evidence to the contrary. And the general counsel's opinion that was referred to, or what was referred to, excuse me, by counsel for the appellee is a general counsel's opinion, and essentially it lays out the fact, as he suggests, that it is a question of factual determination based upon the specific facts. Was that general counsel's opinion? Mr. Carpenter, in several instances here, the board and the authorities tried to verify the combat status, as I understand it, but essentially both military departments and the VA said that there wasn't enough detail to verify any of it. You're saying that mere statement. But with due respect, A, they were asking the wrong question. They were trying to get someone to verify shots fired, and the question, as Judge Newman correctly pointed out. No, they went beyond that. They said there was no indication of any person that could be contacted that was with him. You're talking about a person who develops psychiatric symptoms 20-plus years after the fact. He goes to the VA for help. He describes the problems that he's having. He gets a clinical diagnosis for a psychiatric disability, and then he's told, we now need you to give us the name and addresses of those people who were with you so we can corroborate the fact that someone was shooting at you. That is frankly absurd. At times the only thing they had was a month of April that he alleged he was riding with a convoy. And based upon that one month's experience of VA psychiatry. They could not verify anything for him relating to the combat status. What you're missing is that the VA is using the absence of records to deny compensation. To deny this veteran that under any other circumstances where he had a post-service diagnosis of a current disability related to an experience in service, he would be entitled to compensation under 1110. But the VA is saying, no, you can't, because we reject your lay testimony alone as being sufficient without any evidence to the contrary except the absence of evidence. And the absence of evidence in this court's case law is simply not sufficient to meet what is, I believe, the lawful requirement once he submits lay evidence that he engaged in combat. No, he didn't submit any evidence except a statement saying that he was in combat and shot at. But, Your Honor, this is a non-adversarial system. He is not supposed to be giving an affidavit. He's not supposed to be taking sworn testimony. His statement to his VA psychiatrist was and is a lay statement that supports his assertion that he engaged in combat with the enemy. And until the VA comes back with evidence to contradict that, that assertion should stand. And since it's unrebutted and unrefuted, then he should be entitled to the 1154B presumption. Thank you, Your Honor. Okay. Thank you, Mr. Carpenter and Mr. Shirley. The case is taken under submission.